IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CAROL L. OLIWA, Individually, and )
CAROL L. OLIWA, Conservator for )   Case No.:
JOSEPH S. OLIWA, )
    Plaintiffs, )
)
v. )   COMPLAINT AND DEMAND FOR
)   JURY TRIAL
TRANS CONTINENTAL CREDIT AND )
COLLECTION, INC., )   (Unlawful Debt Collection Practices)
    Defendant. )

## COMPLAINT

CAROL L. OLIWA, Individually and CAROL L. OLIWA, Conservator for JOSEPH S. OLIWA (collectively "Plaintiffs"), by and through their attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., allege the following against TRANS CONTINENTAL CREDIT AND COLLECTION, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of Connecticut and as such personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiffs are natural persons residing in Ellington, Connecticut 06029 at the time of the alleged harassment.

6. Plaintiff Carol L. Oliwa (hereinafter "Mrs. Oliwa") is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff Carol L. Oliwa as Conservator for Joseph S. Oliwa (hereinafter "Mr. Oliwa") is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its principal place of business located at 44 South Broadway, Suite 401, White Plains, New York 10601.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiffs.

12. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. The alleged debt Defendant was seeking to collect, a medical bill from Manchester Memorial Hospital in the amount of $433.19, arose out of transactions that were primarily for personal, family, or household purposes.

14. At the time Defendant was collecting, Plaintiffs were already paying $100.00 each month directly to Manchester Memorial Hospital, pursuant to an agreement previously worked out.

15. Plaintiffs disputed the amount Defendant was seeking to collect, as it did not reflect payments Plaintiffs had made to Manchester Memorial Hospital.

16. Beginning in May 2014 and continuing through June 2014, Defendant contacted Plaintiffs seeking to collect the very same disputed debt.

17. Defendant called Plaintiffs' home telephone and spoke with Mrs. Oliwa, who informed Defendant that payments were already being made directly to the hospital.

18. Despite Mrs. Oliwa's representations, Defendant continued to contact Plaintiffs seeking and demanding payment of the alleged debt.

19. In addition to calling Plaintiffs' home telephone, Defendant also sent correspondence to Mr. Oliwa demanding payment of the disputed debt.

20. Specifically, on or about May 30, 2014, Defendant mailed a letter to Mr. Oliwa demanding payment of $443.19.  See Exhibit A, Defendant's May 30, 2014, Letter.

21. The aforementioned letter sent to Mr. Oliwa arrived in a clear, plastic window envelope, and through the window of the envelope, the account number, "01 3981 D03809183," was visible.  See Exhibit A.

22. A debt collector is prohibited from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails…." See 15 U.S.C. § 1692f(8).

23. Upon receipt of Defendant's May 30, 2014, letter, Mrs. Oliwa wrote in her hand on the letter that the debt was previously disputed, the amount owed was incorrect, and that Plaintiffs would be forwarding all information to their attorney, before mailing the letter back to Defendant. See Exhibit A.

24. Only four (4) days after mailing the May 30, 2014, letter, Defendant sent another demand letter, also in a clear plastic window envelope. See Exhibit B, Defendant's June 3, 2014, letter.

25. Through the window of the envelope, the account number, "01 3981 D03809183," was visible, in violation of the same section referred to in paragraph 22 above. See Exhibit B.

26. In this June 3, 2014, letter, Defendant threatened that the "debt is being evaluated for possible referral to legal counsel" and "this debt may not be placed with one of our associated law firms for legal action. If this debt alone or in combination with any other debts handled by us meets the appropriate criteria, suit may be commenced without further notice." See Exhibit B.

27. Not only did Defendant not intend to take the action threatened, it legally could not take the threatened action, as Plaintiffs were already making payments to Manchester Memorial Hospital, the hospital did not authorize filing suit and the amount demanded was more than what was owed on the account.

28. Again harassed by Defendant's continued efforts to collect the disputed debt, on June 9, 2014, Mrs. Oliwa wrote Defendant again stating that she disputed the debt, that payments to Manchester Memorial Hospital were being made and that the amount owed was only $233.19. See Exhibit C, Plaintiffs' June 9, 2014, letter.

29. Defendant sought to collect an amount from Plaintiffs that was not owed, and never investigated Plaintiffs' dispute of the debt.

**COUNT I**

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(c).

    a. Section 1692c(c) of the FDCPA requires that debt collectors cease communications with alleged debtors, if the consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication.

    b. Here, Defendant violated § 1692c(c) by writing Plaintiff and attempting to establish telephone contact with Plaintiff, despite receiving written correspondence from Plaintiffs that the debt was disputed and its communications were harassing.

**COUNT II**

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

  b. Here, Defendant violated § 1692d of the FDCPA by continuing to contact Plaintiffs after being informed, both in writing and over the telephone, that the debt was disputed and that they were making payments to Manchester Memorial Hospital.

## COUNT III

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(5) of the FDCPA.

  a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

  b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

  c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

  d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(5) of the FDCPA by threatening to take legal action against Mr. Oliwa, when it did not intend to take the threatened action and/or legally could not take the threatened action, as well as false representing the amount the debt to Plaintiffs.

## COUNT IV

33. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f, 1692f(1), and 1692f(8).

    a.    Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

    c.    A debt collector violates § 1692f(8) of the FDCPA by using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

    d.    Here, Defendant violated §§ 1692f, 1692f(1) and 1692f(8) of the FDCPA when it failed to update its records to cease communications with Plaintiffs after being informed that the debt was disputed and that they were making payments to Manchester Memorial Hospital; by attempting to collect an amount from Plaintiffs that was not authorized by the agreement creating the debt and/or by law; and by disclosing debt information on the outside of correspondence sent to Mr. Oliwa.

WHEREFORE, Plaintiffs, CAROL L. OLIWA, Individually and CAROL L. OLIWA, Conservator for JOSEPH S. OLIWA, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

PLAINTIFFS' COMPLAINT

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAROL L. OLIWA, Individually and CAROL L. OLIWA, Conservator for JOSEPH S. OLIWA, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

CAROL L. OLIWA, Individually and CAROL L. OLIWA, Conservator for JOSEPH S. OLIWA
By their Attorney,

*/s/ Angela K. Troccoli*

Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: January 23, 2015